PEOPLE ET AL., PETITIONERS, *v.* DISTRICT COURT OF SAN JUAN, RESPONDENT.

PETITION for a Writ of Certiorari to the First District Court of San Juan.

No. 371.—Decided July 13, 1922.

JURISDICTION—GRAND JURY—REPORT OF GRAND JURY—CERTIORARI.—In this case the district attorney made an *ex parte* motion referring to a previous order of the district court to the effect that a certain report of the grand jury should remain in the custody of the district attorney and alleging that the report was based on documents which the grand jury had before them and

which, together with the report, had passed into the possession of the Attorney General who refused to deliver them to the district attorney, although he needed them in order to examine them and arrive at a final decision. The motion was for an order for the delivery of the said documents. The court made an order directed to the Attorney General for the delivery of the documents under penalty of contempt and it was brought up to this Court for review by certiorari. *Held:* That the order was null and void, because the court had no jurisdiction of the subject-matter of the action and the submission of the parties could not give it jurisdiction.

The facts are stated in the opinion.

*The Attorney General* and *Messrs. M. A. Muñoz* and *J. A. Loret* for the petitioners.

*Mr. J. B. Soto* for the adverse party.

MR. JUSTICE ALDREY delivered the opinion of the court.

By virtue of a writ of certiorari issued by this court at the instance of the Attorney General of Porto Rico we have before us the record of the proceedings in the District Court of San Juan, First District, as a result of a petition presented to it by the district attorney, Rafael Arrillaga Urrutia. That petition reads as follows:

"First Judicial District of San Juan.—In the District Court.— Ex parte the District Attorney for the First District of San Juan, Petitioner.—No. 908.—Motion.—To the District Court of the Judicial District of San Juan, First District.—Now comes the undersigned district attorney and respectfully states: That on April 6, 1922, this Court ordered that the report rendered by the grand jury of this district on April 5, 1922, in connection with certain acts imputed to E. Montgomery Reily, J. R. Hull and W. Kessinger should remain in the custody and possession of the district attorney.

"That the said report was based on documents, papers, affidavits and exhibits then in the possession of the said grand jury and now, together with the said report, in the possession of the Attorney General of Porto Rico, Hon. Salvador Mestre, who refuses to deliver them to the petitioner although he has repeatedly requested the delivery of the said report, papers, documents, exhibits and affidavits in order that he might consider the question and arrive at a final decision in the matter, for while it is true that on several occasions the petitioner has seen the said report, papers, documents, exhibits and affidavits in the possession of the Attorney General, he has never had them in his own possession for a sufficient length of time

to make a careful examination of the matter, in which he has great responsibility.

"Therefore the petitioner prays the court to order the Attorney General, or any of his assistants acting in his absence, to make immediate delivery to the petitioner of the said report, documents, papers and all other data in his possession which served as a basis for the said report of the grand jury in order that the undersigned may decide what may be proper in the matter.

"San Juan, P. R., June 2, 1922.—(Signed) Rafael Arrillaga Urrutia, District Attorney for the First District of San Juan, P. R.— Sworn and subscribed to before me by Rafael Arrillaga Urrutia, attorney-at-law and resident of San Juan, personally known to me, this 2nd day of June, 1922. (Signed) C. Marrero, Clerk of the District Court for the First District."

After this petition was filed district attorney Domingo Massari made a written motion to the court on the same day, alleging that he had been appointed by the Attorney General as district attorney for the said district and stating that he withdrew the petition filed by district attorney Arrillaga. The latter made another motion on the same day, stating that he had received a letter from the Attorney General ordering him to deliver the district attorneyship of San Juan, with all the documents pertaining thereto, to district attorney Domingo Massari and proceed to take charge of the Mayagüez office, but that, as the said order is null and void, he continues as the district attorney of San Juan and as such prays for a ruling on the merits of his petition for delivery by the Attorney General of the documents asked for by him.

On the same 2nd day of June, 1922, without summoning or hearing the Attorney General, the court ordered the Attorney General of Porto Rico to make immediate delivery to the district attorney for that district of all the documents wanted by him and, *motu proprio,* threatened him with punishment for contempt in case he should not do so.

On the following day two of the assistants of the Attorney

General of Porto Rico, acting in his name, moved the court to reconsider the said order, and in another supplementary motion set forth the reasons of the Attorney General of Porto Rico for ordering the temporary transfer of district attorney Arrillaga to the District Court of Mayagüez. In opposition to the supplementary motion district attorney Arrillaga filed an affidavit.

On June 7th the court overruled the motion for reconsideration made by the Attorney General of Porto Rico, ratified the order of the 2nd of the same month and raised the suspension of its effects which had been granted on the 4th. These are all of the proceedings in the lower court up to the time of the issuance of the writ of certiorari.

Did the court have jurisdiction of this matter? This is a question that every court must consider before disposing of any petition presented to it, because if it has no jurisdiction its decision will be absolutely void and, therefore, will not be enforceable although the parties may have submitted to it without questioning its jurisdiction over the subject-matter of the action, for the submission of the parties does not confer jurisdiction upon a court which has no jurisdiction of the subject-matter. 11 Cyc. 673. This question must be considered first, for if the lower court was without jurisdiction, this court will have no jurisdiction to pass upon the questions raised by the parties in a certiorari proceeding. A court not empowered to pass upon a certain matter has no authority to decide questions arising therefrom.

This being so, we will examine the petition of district attorney Arrillaga which gave rise to the proceeding now before us for review.

In his *ex parte* petition to the court district attorney Arrillaga alleged that on April 6, 1922, the court ordered that a report rendered by the grand jury of his district should remain must set aside all of the proceedings in the court below in

that this report was based on certain documents which were then in the possession of the grand jury and now, together with the said report, are in the possession of the Attorney General of Porto Rico, who refuses to deliver the same to the petitioner, notwithstanding the fact that he needs to make an examination of them in order to arrive at a final decision in the matter. This is all that is alleged in support of a prayer that the court order the delivery to him of the said documents by the Attorney General of Porto Rico, or by any of his assistants who may substitute him in his absence.

Therefore, the question presented by the petitioner is that the court should order the delivery to him of certain documents in the possession of the Attorney General of Porto Rico in order that he may examine them and thereby arrive at a final decision in the matter and take such action as may be proper. In other words, it is sought, by an order of the court, to obtain evidence for arriving at a decision as to what should be done, and we think that the court is not authorized to order a person who has documents in his possession to deliver them to the district attorney in order that he may examine them and decide what should be done in the matter. If an order of this kind could be directed to the Attorney General of Porto Rico it could also be directed to any other person. We know of no proceeding established by our laws for this purpose and none has been shown to exist. The only remedy which might seem to have any relation to this matter is that of mandamus, but the petition is not one for a writ of mandamus and it does not show that the Attorney General of Porto Rico is under the obligation to deliver the documents as an act specially commanded by law and as a duty resulting from his office.

As the lower court had no jurisdiction of the question presented by district attorney Arrillaga in his petition, we must set aside all of the proceedings in the court below in

this case and especially the order of June 2, 1922, and the order ratifying it of the 7th of the same month and year.

*Proceedings set aside.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.